Hitohoook, J.
In this action the plaintiffs seek to recover compensation for expenses incurred in furnishing temporary relief to certain paupers, which they claim had a legal settlement in the township of Jackson. The agreed state- of facts presents a nums *34 ber of questions, which, although perhaps of no particular difficulty, are of interest to the community, as growing out of the laws for the relief of the poor. Not being aided by the arguments of counsel, wo must settle these questions as best we can from the lights wo have.
The first question which presents itself is, as to the place of legal settlement of Allison Hiatt. Previous to the division, his *legal settlement was in the township of Williamsburg. Upon the division, he loll within the limits of the township of Jackson. It has already been decided, that upon the organization of a new township, all persons residing within its limits at the time of organization, and who had a legal settlement in the township or townships from which such new township was taken, have a legal settlement in such new township. Center Township v. Wills Township, 7 Ohio, 171. Such, we understand to be the law of the state; and were we to hold otherwise, it would follow that no person could have a legal settlement within a newly organized township until one year after its organization. Upon the organization of the township of Jackson, Allison Hiatt had a legal settlement, in that township; and if ho became chargeable as a pauper before this settlement was changed, this township was legally liable for his support.
The next inquiry is, whether he has gained a legal settlement ,in any other township. In December, 1834, he removed with his family into the township of Williamsburg, and had resided there ¡up to the time of the commencement of this suit, a period of more than four years. “Any person residing one year in any town.ship of this state, without being warned by the overseers of the poor for said township to depart the same, or three years after being once so warned, without being again warned as aforesaid, shall be considered as having gained a legal settlement in such township.” Swan’s Stat. 634. Hiatt, then, gained a legal settlement in Williamsburg, unless, within the first year of his residence there, he was legally warned or notified to depart the same. On March 31, 1835, a notice was served upon him in due form, to depart from the township. This was in due time, but the notice was signed by one only of the overseers of the poor. Was it legal? In section 4 of the act for the relief of the poor, it is provided that “ the overseers of the poor, upon receiving information that any person has come within ,th.e limits of their township to reside, who will be *35 likely to become a township charge, shall issue their warrant, or order, to any constable of *the township, commanding such constable forthwith to warn such person to depart the township,” etc.
The act to be done is the joint act of the overseers, not the separate act of one of them. They are required to issue “ their warrant.” Such would seem to be the plain intent and meaning of the law.
In the case of Downing v. Rugar, 21 Wend. 178, the Supreme Court of New York seem to have decided, that one of two overseers of the poor may perform an act which the law requires the two to perform, if it becomes necessary to prevent a failure of justice. The court recognize the principle, that where an authority is conferred upon two, nothing can be done without the consent of both; but hold that, although the act is done by one only, the consent of the other shall be presumed. And, further, that this presumption shall not be rebutted by any other evidence,-than the testimony of the individual, who is presumed to have given his consent. The reasoning of the court in this case, as well as the decision, seems to us as being somewhat extraordinary; and we do not feel disposed to adopt either, in giving construction to the statute now under construction. We prefer to follow the rule adopted in the case of Olive Township v. Manchester, 8 Ohio, 113, that as between two townships, where the equities are equal, aplain and obvious compliance with the requisitions of the law shall be required of those who seek to avoid the obligation.
The plain requisition of the law is, that the two overseers shall issue the warrant. In tho case before us, it was issued by one, and, of course, was void. It follows that Hiatt has obtained a legal settlement in Williamsburg, and since such settlement was gained, that township must support him.
The case shows, however, that while his legal settlement was in Jackson, expenses wore incurred by the township of Williams-burg, in furnishing temporary relief to his wife and son ; and that the son, at least, was not in a situation to be removed. Section 9 of the before-cited act provides, “ that if any person or persons shall become chargeable, in any ^township in which he, she, or they have not gained a legal settlement, it shall be the duty of the overseers of the poor of such township, to cause such person or persons, so soon as the state of his, her, or their health will *36 permit, to be removed to the township in which he, she, or they were last legally settled, if such person or persons have any legal settlement within this state.” And it is made the duty of the overseers of the poor of the township, to which the removal is made, to receive the pauper, and that township is chargeable with the expense of removal, as well as with the expense previously incurred in affording relief. And if these charges are not paid, the same may be recovered in an action of debt in favor of the trustees of one township, or against the trustees of the other.
This duty of removing the pauper is imperative; and, as a general rule, unless it is done, the township where he has a legal settlement can not be charged. If, however, the pauper is not in a situation to be removed, or, if when the relief is furnished, the place of his legal settlement is unknown, such circumstances will excuse his removal.
The statute makes a difference, too, in cases of temporary and permanent relief; and where the relief is merely temporary it would seem that the removal of the pauper is not absolutely necessary.
In the case before the court, the relief furnished the son of Hiatt was, in fact, permanent; it ended only with his life. But he was not in a situation to be removed. The relief furnished his wife was merely temporary. The overseers of Williamsburg, then, have not been guilty of any neglect which will release the township of Jackson from its liability; and the plaintiffs are entitled to a judgment for the expenses incurred prior to December 25, 1835, at which time the legal settlement of the pauper was changed.
Judgment for the plaintiff.