BONNEY et al. v. SMITH et al.

No. 31188. March 28, 1944.

Rehearing Denied April 18, 1944.

147 P. 2d 771.

Arnold T. Fleig, of Oklahoma City, for plaintiffs in error.

James S. Twyford, Solon W. Smith, and William J. Crowe, all of Oklahoma City, for defendants in error.

BAYLESS, J. This is an appeal from the district court of Oklahoma county. Nellie Smith et al., the owners of certain property in the town of Britton, brought this action to quiet title to their own property as against the lien of certain sewer warrants they alleged to be void, and sought other incidental equitable relief.

The trial court found and held the proceedings by the town board relating to this sewer district were fatally defective and void for the following reasons:

". . . and the court finds that the notice to sewer contractors was not published for ten days as required by Section 277, Title 11, Oklahoma Statutes Annotated, and that Ordinance No. 127 denominated an emergency ordinance was neither read nor acted upon section by section, and was never published or posted and is therefore invalid, and that therefore plaintiffs are entitled to the relief sought and finds the issues generally in their favor,"

—and quieted the title of plaintiffs as against the holders of the sewer warrants. On appeal, other issues were presented, but we are of the opinion that the trial court's judgment is correct and necessitates an affirmance of the judgment on that basis irrespective of the conclusion we might reach on the other points.

There is much difference between the

parties over what statutes govern in this instance. We observe that 11 O. S. 1941, ch. 14, §§ 551-586, govern cities; and that section 579 provides the style in which ordinances shall be framed and that all ordinances shall be published as soon as practicable after passage, and providing that such ordinances shall be published in a newspaper published in the city, or if there is no such paper, then some paper having general circulation or by hand bills posted or pamphlets distributed, and section 580 requires that all ordinances shall be read and considered by sections and prescribing that the yeas and nays shall be entered on the journal or records and requiring a majority of the members elected to adopt an ordinance. We observe that 11 O. S. 1941, ch. 20, §§ 1001-1044, govern towns, and that section 1004 (17) governing the passage and publication of ordinances in towns requires that all such ordinances except in case of emergency shall be published in a newspaper of such town, if one be printed therein, or by posting in five public places for a period of ten days before the effective date of the ordinance. If these were the only statutes to be considered, our problem might be different, but we must also take notice, as the trial court did, of 34 O. S. 1941 § 53, which governs ordinances and resolutions of all municipal legislatures, which include city councils and town boards. Plaintiffs contended below that ordinance No. 127, purporting to establish the sewer district, was void because it was not published, and defendants contend, under the authority of Haskell v. Kennedy, 151 Okla. 12, 1 P. 2d 729, that this ordinance bore an emergency clause and it was not necessary to publish the same.

Section 1004 (17), supra, governs, insofar as it goes, the passage and publication of ordinances in towns, but it says nothing about how an emergency clause excusing the publishing or posting required therein shall be adopted, and it is only by reference to 34 O. S. 1941 § 53, supra, that procedure is found for the adoption of an emergency clause that affects the duty to publish an ordinance. To that extent we think that

Haskell v. Kennedy, supra, is not authority for the defendants' position because that case did not take into consideration section 53, supra, and since we are confronted with arguments with respect to that section in this case, we must decide this issue before us in the light of the effect of section 53, supra.

The defendants argued below, and the court recognized the difficulty that arose from attempting to apply the provisions of section 53, supra, prescribing the conditions whereunder an emergency clause can be attached to an ordinance passed by a town board, since that statute authorizes emergency clauses by a three-fourths vote of the municipal legislative body and this town board is composed of three members only. The defendants argued there, and argue here, that since a town board of three members is incapable of division into three-fourths, section 53, supra, has no application. This is not correct. Where, in any instance, a percentage vote of a municipal legislative body results in so many whole votes and a fraction, it is always necessary to count the fraction as a whole vote even though this results in a greater percentage of the whole body in such instance than would be the case if the legislative body is equally divisible by said percentage into whole numbers. The fraction cannot be lopped off or ignored. Therefore, as applied to town boards, when they are composed of three members and undertake to attach an emergency clause to an ordinance, the practical effect of section 53, supra, is to require three votes. The record in this case very clearly discloses that on all occasions when these proceedings were in the process of adoption two members only were present and voting and the third member was absent. Therefore, no emergency clause was validly attached, and no excuse existed for failing to publish or post the ordinance according to the provisions of the applicable statutes, and the ordinance was void. Since the ordinance creating the district was void, there was no jurisdiction on the part of town board to proceed.

Since the creation of these districts and the apportionment of the cost thereof to the properties affected is not an inherent power that can be exercised by municipalities in the absence of statutory grants of power, and since it is generally held that statutory grants of such power must be explicit and must be strictly construed, and must be strictly applied against the exercise of the power in any manner save in the most literal sense within the meaning of the language of the statutes, American First National Bank v. Peterson, 169 Okla. 588, 38 P. 2d 957, we cannot overlook the failure to publish this ordinance on the theory it was an emergency ordinance.

In arriving at this conclusion we have not overlooked defendants' argument that under 11 O. S. 1941 § 277, when the town board, of its own initiative, determines the necessity for the creation of a district sewer and its action does not depend upon the petition of the property owners under the proceedings section 274, supra, no ordinance is necessary. Defendants do not cite any authority for this argument, but rather rely upon a discussion of the generally understood meaning and effect of a municipal ordinance. Their argument says that any formal resolution or minute noted on the records of the meeting of the town board is sufficient. We disagree with defendants' contention in this respect. It is plain from reading section 274, supra, that the action of the town board establishing district sewers "within the limits of any city or town to be prescribed by ordinance" requires that such action be evidenced by an ordinance, and we think this applies whether the proceedings be initiated by petition of the property owners under section 274, supra, or upon the initiative of the town board under section 277, supra. This issue has not been discussed in our earlier decision, but throughout the decisions of this court where the validity of proceedings establishing sewer districts has been considered, it seems to be accepted without argument that an ordinance creating such districts is necessary.

For the reason stated, the judgment of the trial court quieting title and canceling the sewer assessment lien is affirmed, and for the reasons stated by all parties in their briefs it is unnecessary to inquire into the validity of the sale or resale proceedings.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and WELCH and HURST, JJ., concur.