BONNEY v. CITY of BRITTON.

No. 33024. Jan. 31, 1950.

*214 P. 2d 249.*

Arnold T. Fleig, of Oklahoma City, for plaintiff in error.

E. R. Braddock, of Oklahoma City, for defendant in error.

WELCH, J. W. C. Bonney commenced suit against the city of Britton. This is an appeal from a judgment in dismissal after the defendant's demurrer to the plaintiff's petition had been sustained. All assignments of error are presented under a contention that the trial court erred in sustaining the demurrer.

It appears from the petition that the defendant, formerly the town of Britton, attempted to establish a certain sewer district by ordinance, known as Ordinance No. 127 of the town of Britton; that there was an attempt to levy assessments against property for building district sewer as defined in said ordinance; that special sewer tax warrants were issued to certain contractors in payment of construction costs and that plaintiff became the owner of a portion of the warrants, which warrants have never been paid.

The petition reflects that certain owners of lots affected by said sewer warrants filed a suit which resulted in an adjudication that all the proceedings were void for failure to properly enact the ordinance creating the district, same being Ordinance No. 127. (See Bonney et al. v. Smith et al., 194 Okla. 106, 147 P. 2d 771.)

In the petition, following a reference to the above subject-matter and judgment, the plaintiff pleads and avers:

"That by reason of the foregoing it was determined that the defendant through its agents and employees had failed to properly enact and publish the ordinance creating said district, same being Ordinance No. 127, by reason of which the warrants of plaintiff were decreed to be worthless.

"That under the decisions of this State, plaintiff has no remedy or way of collecting said assessments from said property and cannot compel a reassessment of said property to pay said warrants.

"That the said sewer warrants and each of them contain written representations and promises that the assessments were duly and legally levied and would remain liens against the property until fully discharged. That the failure of the Town of Britton to levy valid assessments as determined by the Supreme Court decision constituted a breach of warranty for which said defendant should respond in damages. Plaintiff, acting in reliance on said representations, purchased said sewer warrants for valuable consideration.

"That defendant should be estopped from denying liability for failure to properly enact the ordinance of necessity by virtue of their recital in said sewer warrants and by reason of the fact that the sewer improvements have been accepted and used since their creation in 1930."

The prayer of the petition is that plaintiff have judgment for damages in an amount equal to that provided under the terms of the warrants.

A copy of a special sewer tax warrant, typical of all the warrants held

by the plaintiff, is attached to the petition.

The warrant is in certificate form and shows to have been signed by certain officials of the town of Britton. It contains a statement that the certain tract of land therein described has been charged with a specified sum of money as a special tax for building district sewer as defined in Ordinance No. 127, and that the assessment shall be a charge and a lien against the property described until paid.

It is contended that under the facts set out in the petition the defendant is liable on express and implied warranties; that the city is personally liable on its failure to levy valid assessments since the right of reassessment is·lost.

In Bonney et al. v. Smith et al., supra, it is pointed out that without a valid ordinance creating the sewer district the town board has no power to proceed; that the creation of these districts and the apportionment of the cost thereof to the properties affected is not an inherent power that can be exercised by municipalities in the absence of statutory grants of power.

Without a valid ordinance creating the sewer district, the town board had no power to cause the improvements in the given area and had no authority to levy assessments or to issue tax warrants.

In issuing the warrants the town officials impliedly represent that they have authority to do so and that such warrants are valid, but such representations, like those expressed in the warrants, are in effect no more than expressions of opinions of the officials that they have acted with authority and that their acts in levy of assessments and otherwise are valid and authorized. The law provides just how such matters may be done and of this every one is conclusively presumed to have notice. The plaintiff was bound to take notice of the express statutory limitations on the power of the town board and of their failure to establish a district sewer in accordance with statute.

When acting without authority or beyond its powers, the town board cannot estop the town for no matter what the board's representations all parties dealing with it are bound to take notice of all statutory limitations upon its authority. The statutes in nowise make a town guarantor of the representations contained in a special sewer district warrant issued by the town officials, and upon the failure of such representations there can be no recovery against the town for breach of warranty.

There is no question here of negligence in the failure to levy valid assessments, nor any question of loss of right of reassessment. As we have noted, the petition reflects that a sewer district was never established. We do not perceive that the defendant owed any duty to the plaintiff to create a sewer district, and without a sewer district having been created, the defendant or its officials was without power to levy assessments. There could be no right to a recovery for a breach of duty to assess when the power to assess did not exist.

Plaintiff having shown no right to a recovery against the defendant, demurrer to his petition was properly sustained.

The judgment is affirmed.

DAVISON, C. J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.