WATERS AND WATER RIGHTS
A city or town, upon using the water allocated to the platted land within its corporate limits, has a responsibility to make water available to the platted lots within its corporate limits through reasonable access and availability on an equal basis with which water is made available to all other residents in the municipality. The municipality's distribution lines must be laid in such a manner as to insure that all former domestic well users will be equidistant from a connecting source of the municipality's water supply. Once a municipality begins using the water allocated to the platted land within its corporate limits, it must at that point in time have the capability of providing reasonable access to this water supply to the platted land and is thereby precluded from using the water in question solely for its own purposes without providing reasonable accessibility and availability, as discussed above, to the platted lands within its corporate limits. The Attorney General has considered your request for an opinion wherein you indicate the following: "The Oklahoma Water Resources Board recently approved the application of the City of Edmond, No. 77-789. This application gave the City of Edmond the authority to drill one hundred and fifty-two (152) new wells to mine ground water located under platted portions of that City. Substantial areas included in the application are now occupied by single-family residences dependant on private wells for their domestic water supply." Having provided the above-quoted information, you ask the following two questions: "1. Does a City have a responsibility to deliver water to each platted lot contained in its application's legal description, as provided in 82 O.S. 1020.21 [82-1020.21] (1977)? 2. When is a City required to 'make water available to the platted land' contained in the application as provided in 82 O.S. 1020.21 [82-1020.21] (1977)." Title 82 O.S. 1020.21 [82-1020.21] (1977) provides as follows: "A municipality has the authority to regulate or permit the drilling of domestic and industrial water wells within its corporate limits. A municipality may use the water allocated to the platted land within its corporate limits provided the municipality can make water available to the platted land, a permit, therefore, is obtained from the Board, and the wells are located not less than six hundred (600) feet within its limits, and such wells are drilled on the platted land." The use of ground water is regulated by Statute. However, the inviolate, riparian right of a land owner to drill a well, or wells, strictly for domestic purposes, is not diminished by the appropriation doctrine established by the Oklahoma Statutes. This riparian right is enunciated by the legislature in 82 O.S. 1020.3 [82-1020.3] (1977), which provides as follows: "Any land owner has a right to take ground water from land owned by him for domestic use without a permit. Wells for domestic use shall not be subject to well spacing orders, but are subject to sanctions against waste." If a landowner desires to drill a well for other than domestic purposes, he must apply to the Oklahoma Water Resources Board for a permit to do so. 82 O.S. 1020.7 [82-1020.7] provides as follows: "Any person intending to use ground water shall, after his testing is completed, make application to the Board for an appropriate permit as provided in Section 11 before commencing any drilling for such purposes and before taking water from any completed well heretofore drilled. . . ." Paragraph F of 82 O.S. 1020.1 [82-1020.1] as found in the 1977 Supplement defines person as: ". . . Any individual, firm, partnership, association, corporation, business trust, federal agency, state agency, the state or any political subdivision thereof, municipalities and any other legal entities." In enacting 82 O.S. 1020.21 [82-1020.21], it is evident that the Legislature intended to insure that once a municipality begin using the water allocated to the platted land within its corporate limits, it would do so only if it could make the water available to the platted land. It is evident that the Legislature desired to protect those domestic well users who had exercised their riparian right and had relied upon the water produced by their domestic wells prior to the growth of the city which incorporated their land whereon their domestic wells had been their sole source of water. Although the words "make available" do not carry the same force and effect as the word "delivery", it is nonetheless apparent that the Legislature intended that a municipality could not use all the water allocated to the platted land within its corporate limits without providing means whereby reasonable access could be afforded to those individuals who had previously used domestic wells but now chose to, or because of diminished productivity of their wells, were compelled to rely upon the water provided by the municipality through its system of public distribution lines. With regard to the rights of municipalities in the area of use of ground water allocated to the platted land within its corporate limits, same can be found in the Oklahoma Municipal Code added by laws of 1977, Chapter 256, which become effective July 1, 1978, 11 O.S. 1-101 [11-1-101] through 11 O.S. 55-102 [11-55-102] (1977) (similar provisions are currently in effect in Title 11). 11 O.S. 22-104 [11-22-104] (1977) provides in pertinent part as follows: "Every municipality shall have the right to: 2. Acquire, own and maintain within or without its corporate limits, real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of Water Works, electric light and gas plants and other facilities for generating or distributing energy, ports, airports, hospitals, quarantine stations, garbage reduction plants, pipe lines for the transmission and transportation of gas, water and sewerage, and for any plant for the manufacture of any material for public improvement purposes and public buildings; (3) exercise the right of eminent domain for any of the purposes named above, either within or without its corporate limits, and to establish, lay and operate any plant or pipe line upon any land or right-of-way taken thereunder; provided that where the right of eminent domain is exercised under this section in any business of a going concern or profession thereby established or engaged in is effective the same shall be taken into consideration and proper allowance made therefore, and the same shall be considered as a property right of the owner thereof . . ." Title 11 O.S. 22-105 [11-22-105] (1977) provides as follows: "Private property may be taken for public use, or for the purpose of giving a right-of-way or other privilege for any necessary purpose in the manner provided by law; but in every case the municipality shall make adequate compensation to the person or persons whose property shall be taken or injured thereby as provided by law." It is evident from a reading of the above-quoted statutes that municipalities may develop public water works systems within their corporate limits but in doing so must comply with the appropriate condemnation statutes. The requirement that municipalities follow statutory condemnation procedures, where pertinent, in developing public water works is to prevent municipalities from appropriating private property without just compensation. In the same vein municipalities cannot deplete or diminish domestic well productivity without affording the users thereof an alternative supply, for this would, in essence, be appropriation without just compensation. Legislative recognition of the abhorrence of appropriation without compensation is apparent when 82 O.S. 1020.21 [82-1020.21] (1977) is read in conjunction with the statutes regulating municipalities' development of systems of distribution for water and sewerage systems. By virtue of 11 O.S. 37-204 [11-37-204] (1977), the location of public water distribution lines are factual determinations to be made by the governing body of the municipality. However, 82 O.S. 1020.21 [82-1020.21] precludes the municipality from locating public water distribution lines in such a manner as to make reasonable availability to former domestic well users prohibitively costly or unaccessible or accessible and available in such a manner so that they must suffer greater burdens than those previously residing within the municipality bore in order to avail themselves of the municipal water supply for domestic use. If a greater burden were placed on residents newly incorporated with the bounds of the municipality than had been placed on residents long residing within the municipality an intolerable condition of unconstitutional inequality of treatment would exist. Accessibility must be equally afforded to each prior domestic well user and, therefore, the municipality's distribution lines must be laid in such a manner as to insure, that all former domestic well users will be equidistant from a connecting source of the municipality's water supply. Therefore, your first question is answered as follows: A city may use the water allocated to the platted land within its corporate limits, but at the same time it has responsibility to make reasonable access available to the platted lots within these corporate limits; the question of reasonable access and availability is to be determined on an equal basis with the degree of access and availability made to each resident of the municipality. Your second question concerns that point in time when a municipality must be prepared to provide reasonable access to its water supply. The statute clearly indicates that a municipality may only use the water allocated to the platted land within its corporate limits at that point in time when it is prepared to provide reasonable access to its supply to the platted lands. Therefore, your second question is answered as follows: Once a municipality begins using the water allocated to the platted land within its corporate limits, it must have the capability of providing reasonable access to its water supply to the platted land within its corporate limits in the manner indicated above. Therefore, it is the opinion of the Attorney General that your questions be answered as follows: A city or town, upon using the water allocated to the platted land within its corporate limits, has a responsibility to make water available to the platted lots within its corporate limits through reasonable access and availability on an equal basis with which water is made available to all other residents in the municipality. The municipality's distribution lines must be laid in such a manner as to insure that all former domestic well users will be equidistant from a connecting source of the municipality's water supply. Once a municipality begins using the water allocated to the platted land within its corporate limits, it must at that point in time have the capability of providing reasonable access to this water supply to the platted land and is thereby precluded from using the water in question solely for its own purposes without providing reasonable accessibility and availability, as discussed above, to the platted lands within its corporate limits. (AMALIJA J. HODGINS)