Dear Commissioner Leavitt,
The Attorney General has considered your request for an opinion wherein you ask the following question:
"Does a City County Health Department have the power to join witha municipality to construct, operate or maintain a sanitary sewersystem?"
This question is presented primarily because of the language of 11 O.S. 37-201 (1977) which provides in relevant part:
 "The municipal governing body may: . . . 3. Join with other municipalities or any improvement district or sanitary district of the state, or any of its departments, agencies or instrumentalities, as may be provided by law, in the construction, operation or maintenance of improvements authorized by the provisions of 11 O.S. 37-201 through 11 O.S. 37-234; and
 4. Accept from the state, or federal government, or any agency, department or instrumentality of either, grants for or in aid of the construction or engineering planning of any of the improvements provided herein, and enter into contracts with the state, the federal government, or any agency, department or instrumentality of either or both, for the construction or supervision of construction by the state, the federal government, or any agency, department or instrumentality for either or both of any such improvements, in accordance with the plans, specifications, rules and regulations of the state, the federal government, or any agency, department or instrumentality or either or both, but reserving to the municipality the right to assess against the property benefitted by the government and located within the municipality, that portion of the cost of the improvement which does not qualify for aid under the state or federal grant."
Analysis of the foregoing section indicates that it constitutes a grant of authority to municipalities to join with agencies authorized by law to construct, operate and maintain sewer systems, and also gives municipalities a broad grant of authority to join with other governmental entities for the purpose of receiving grants for the construction of such facilities. The first sentence of the section indicates that the grant of this power under this section is to municipalities only. The inclusion in subsection three of the section of the language "as may be provided by law" refers not to this section, but to other statutory provisions.
If city-county health departments have statutory authority to engage in the construction, operation, or maintenance of sewer systems, such departments could, pursuant to 11 O.S. 37-201 (1977), join with a municipality to construct such improvements. Nothing in 11 O.S. 37-201 constitutes a grant of authority to such departments to construct, operate, or maintain sewer systems, however, and the power to do so must stem from the grants of power and authority to such departments.
The powers and duties of city-county departments of health are specified in 63 O.S. 1-201[63-1-201] et seq. (1971). 63 O.S. 1-214 provides in relevant part:
 ". . . Such City-County Health Department shall, under the supervision of the Director, enforce and administer all municipal and county ordinances, rules and regulations, and all state laws, and the rules and regulations of the State Board of Health pertaining to public health matters in the jurisdiction where it is created, or in any area where it has jurisdiction to operate by agreement."
The functions of such a health department are enumerated in 63 O.S. 1-206 (1971):
 ". . . a City-County Department of Health shall . . . maintain programs for disease prevention and control, health education, guidance, maternal and child health, including school health services, environmental health, water pollution control, quality of public water supplies, health in the working environment, radiological health, safety, sanitation, nutrition, and other matters affecting the public health; provide preventive services to the chronically ill and aged; maintain vital records and statistics; supervise nursing, convalescent and rest homes, and related institutions; assist the State Commissioner of Health in the performance of his official duties, and perform such other acts as may be required by the Commissioner, and may maintain programs for mental health and day care for children.
Nothing in these statutes specifically grants City-County Health Departments authority to construct, operate, or maintain sewer systems. The provision in regard to sanitation requires the maintenance of a program for sanitation, and envisions a general program for that purpose. The duty to provide a general program for sanitation does not reach so far as to authorize the construction by such a department of a sewer system to serve a particular geographic area. Considering the specificity and detail of the statutes granting power to build sewer systems to municipalities, 11 O.S. 37-201 (1977) et seq., and to rural sanitation districts, 82 O.S. 1324.1[82-1324.1] et seq. (1975), and considering the lack of provision in the statutes concerning local health departments as to funding for such systems, the conclusion can only be that the legislature never intended to grant power to City-County Departments of Health to construct or operate sewer systems.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the negative. A City-County Department of Healthis without authority to construct, operate, or maintain a sanitary sewersystem, and lacking such authority may not join with a municipality under11 O.S. 37-201 (1977) to construct, operate, or maintain such a sewersystem.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN GREGORY THOMAS, ASSISTANT ATTORNEY GENERAL