Dear Honorable Cain,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
"Does Senate Bill 262 [Thirty-sixth Legislature, Second RegularSession, Approved April 14, 1978] violate the Oklahoma Constitution ofhaving more than one subject in the Act?"
The Oklahoma Constitution, Article V, Section 57, provides in pertinent part as follows:
 "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title . . . Provided that if any subject be embraced in any Act contrary to the provisions of this Section, such Act shall be void only as to so much of the law as may not be expressed in the title thereof."
See Board of County Commissioners v. Oklahoma Tax Commission,212 P.2d 462 (Okla. 1949).
The title of Enrolled Senate Bill 262 states:
 "AN ACT RELATING TO SPECIAL ASSESSMENTS; AMENDING SECTIONS 36-222, 36-403, 36-405 and 37-227, CHAPTER 256, O.S.L. 1977 (11 O.S. 36-222, 11 O.S. 36-403, 11 O.S. 36-405 AND 11 O.S. 37-227 (1977)), 19 O.S. 882, 19 O.S. 890, 19 O.S. 901.20, 19 O.S. 1063 AND 19 O.S. 1070 (1971) AND 68 O.S. 2425 (1971); PROVIDING FOR LEVY AND COLLECTION OF SPECIAL ASSESSMENTS AND COSTS; CHANGING THE TIMES OF CERTIFICATION OF CERTAIN SPECIAL ASSESSMENTS TO COUNTY TREASURER; ADDING REQUIREMENTS CONCERNING NOTICE BE GIVEN TO OWNER OF ASSESSED PROPERTY; PROVIDING FOR CERTAIN ASSESSMENTS UNDER CERTAIN CONDITIONS; EXEMPTING CERTAIN ITEMS FROM CERTAIN TAXES; PROVIDING EFFECTIVE DATE; AND DECLARING AN EMERGENCY." Emphasis added
Senate Bill 262 contains fourteen (14) sections. Section 13 designates July 1, 1978, as the effective date of the Act. Section 14 declares an emergency. Section 12 provides:
 "SECTION 12. The provisions of Section 1 through 10 of this act shall apply to all special assessment districts created after the effective date of this act." Emphasis added
Section 1 relates to delinquent installments on special assessments for street improvements. It requires that the municipal clerk, after the date of maturity of any installment and interest and:
. . . no earlier than the first day of July and not later than the tenth day of July of the following year, . . ."
certify the installment and interest due to the county treasurer. The county treasurer is directed to collect the installment and interest as other delinquent taxes are collected. A proviso is then added as follows:
 ". . . Provided, that no such certification shall be made to the county treasurer unless the city or town clerk shall have sent a notice of the nature and amount of the assessment by restricted delivery mail on or before June 1 of said year to the last-known address of the owner of the assessed property . . . ."
Sections 3 and 4 add the bracketed words. Section 4 requires that the certification of the municipal clerk be between July 1 and July 10:
". . . in each year, . . ."
That wording is also set forth in Sections 5 through 9. The only other variation in the wording of those sections from the quoted language of Section 1 is that, in lieu of "the city or town clerk," the duty of sending out notice is imposed upon:
 ". . . the clerk of the said district . . ." Section 5 or ". . . the clerk of the board . . ." Section 6 or ". . . the clerk . . ." Section 7 or ". . . the secretary of said hospital district . . ." Section 8 or ". . . the secretary of the board of directors . . ." Section 9
Section 1 of Senate Bill 262 changes the times of certification of delinquent installments and interest on special assessments, and amends 11 O.S. 36-222 to incorporate the quoted language. The identical change and amendment is set forth in Sections 3-9, inclusive, of Senate Bill 262. Section 2 amends 11 O.S. 36-403 (1977), and provides that a copy of the notice of the nature and amount of special assessment shall be by restricted delivery mail. Section 10 establishes the method of certifying and collecting the cost of notice, and provides that such costs shall be reimbursed to the certifying entity upon collection. Sections 1 and 4 impose specific certification responsibilities relating to special assessments for local improvements upon municipal clerks. Sections 2 and 3 apply to municipal clerks and governing bodies of municipalities.
While Sections 1-4, inclusive, are addressed to municipalities, they fall within the following areas, respectively: street improvements Section 1, land and right-of-way acquisition Sections 2 and 3, and sewer and water systems Section 4. Sections 5-9, inclusive, are addressed to counties and apply to the clerks, boards and secretaries of the following districts, respectively: sewer improvement districts Sections 5 and 6, fire protection districts Section 7, and hospital districts Sections 8 and 9.
As Section 12 suggests, Section 1 through 10 apply to special assessments for local improvements. They provide for the levy and collection of special assessments and costs, change the times of certification of certain special assessments and impose specified notice requirements. The singularity of the subject of special assessments to which they all relate is not abrogated by the variety of the entities to which they apply.
Section 11 amends 68 O.S. 2425 (1978). The subject addressed is revenue and taxation, Article XXIV Ad Valorem Taxes: Assessment Procedure. 68 O.S. 2425 (1978), provides for the listing and assessment of all property having an actual, constructive or taxable situs in this state "except as hereinafter provided." The amending language set forth in Section 11 of Senate Bill 262 delineates an exception, as follows:
 "Provided that, goods, wares, merchandise and property becoming a part of the finished product of drilling equipment, for use outside the continental United States shall not be subject to any other taxes."
An exemption from ad valorem taxes is carved out by Section 11 of Senate Bill 262. Is the exemption from ad valorem taxation provided in Section 11 the same subject as special assessments addressed in Sections 1 through 10?
The Oklahoma Constitution, Article X, Section 7, empowers the Legislature to:
 ". . . authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefitted thereby, homesteads included, without regard to a cash valuation."
Article X, Section 8 provides:
 "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, . . ."
Sections 1 through 10 of Senate Bill 262 were enacted pursuant to Article X, Section 7. Article X, Section 7 is the source of the constitutional power conferred upon the Legislature to authorize counties and municipalities to levy and collect special assessments for local improvements. Special assessments relate only to property benefitted by local improvements, and are "without regard to a cash valuation" of such property. Section 11 of Senate Bill 262 was enacted pursuant to Article X, Section 8. Article X, Section 8, relates to all property which may be taxed ad valorem, and is addressed exclusively to cash valuation expressed as "fair cash value".
The assessment procedure set forth in Article X, Section 8, is the act of placing a value for tax purposes on property of particular taxpayers. Lamm v. Barber, 565 P.2d 538, 545 (Colo. 1977). Viewed in the perspective of ad valorem taxation, assessment is an integral part of the taxation process, leading to the imposition of taxes: exempt property is simply not assessed. Grosvenor v. Supervisor of Assessments of Montgomery County,315 A.2d 758, 761 (Md. 1974). That is not true of special assessments for local improvements authorized under Article X, Section 7. In the context of that constitutional provision, assessments are special and local impositions on property within a limited area which are necessary to pay for a local improvement and are imposed with reference to a special benefit which the property is supposed to have derived therefrom. Ruel v. Rapid City, 167 N.W.2d 541, 544. The distinction is indicated by the holding in Santa Barbara County v. City of Santa Barbara,130 Cal.Rptr. 615, 625, 59 C.A.3d 364.
These holdings clarify the subject of each of the respective sections of Senate Bill 262. Sections 1 through 10 of that bill relate exclusively to special assessments. They provide for the levy and collection of special assessments and cost, change the times of certification of special assessments to the county treasurer and add requirements concerning the notice to be given to the owner of assessed property. Section 11, by contrast, addresses a wholly distinct subject. It carves out a distinction to the listing of all property, both real and personal, having an actual, constructive or taxable situs in this state. The operative language provides that goods, wares, merchandise or other specified properties "shall not be subject to any other taxes." The subject of that section is not embraced by the subject of Sections 1 through 10 and 12 of Senate Bill 262. Moreover, the title phrase: "Exempting Certain Items From Certain Taxes," does not clearly express the distinct subject which is set forth in Section 11.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the affirmative. Section 11 of Senate Bill 262,Thirty-sixth Legislature, Second Regular Session, Approved April 14,1978, does violate the Oklahoma Constitution, Article V, Section 57, andis invalid and inoperative.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL