Dear Honorable Luton,
The Attorney General has considered your request for an opinion wherein you ask the following questions:
1) May a municipality bid and let a single contract for theconstruction of sanitary sewers in more than one sewer district?
 2) If such combination is permissible, are assessments to be basedon the cost of constructing the sewers in all the districts, or onthe cost to construct sewers in each separate district, and if thelatter, in what manner is the assessment to be made?
 3) May a Municipal Authority make payments directly to the contractorduring the construction of the sewer district improvements and in turn bereimbursed by means of obtaining the negotiable coupon bonds thatotherwise would be delivered to the contractor?
This request stems from the desire of a charter city to construct district sewers in three separate districts created by the City Council. Federal matching funds are available pursuant to a grant from the United States Environmental Protection Agency, which will provide approximately 70% of the necessary funds. The federal grant, however, is conditioned on the letting of one contract and further requires that the contractor be paid in cash rather than negotiable coupon bonds.
The statutes relating to district sewers are contained in 11 O.S. 37-201, et seq. (1977), and provide for the creation of sewer districts, construction of such sewers, assessments to finance the construction of such sewers, and payment of the contractor. The statutes also provide for the issuance of negotiable coupon bonds to pay for the cost of the improvement.
The statutes relating to district sewers provide a method for financing the construction of local improvements by assessing the property benefitted by the improvement. The purpose of the statutes is to facilitate such construction while requiring the property benefitted bear the cost of the project. The procedures employed are designed to protect the owners of the property to be assessed, and to limit the cost as much as possible. In construing the statutes relating to district sewers (which statutes were reenacted in virtually identical form in the new Municipal Code,) the Supreme Court in Lance v. City of Sulphur,503 P.2d 867 (Okla. 1972) noted:
 We deal here with a statutory plan which compels the property owners to pay for the construction of the sanitary sewer district. Procedures designed for their protection must be strictly construed in favor of the property owners.
The Court followed with a quotation from Bonney v. Smith, 191 Okla. 106,147 P.2d 771 (1944), to the effect that grants of power of this nature must be strictly construed and strictly applied against the exercise of the power in any manner" . . . save in the most literal sense within the meaning of the language of the statutes."
Title 11 O.S. 37-218 (1977) requires that contracts for such improvements be let to the lowest and best bidder. A bid for construction in more than one district could easily be the lowest and best aggregate bid, but be higher than the lowest bid received on any one district. Were this to be the case, the lowest and best bid for that district would not be accepted, and the property owners of that district would have to bear a higher cost. Such a situation runs contrary to the entire purpose of the district sewer statutes.
There is no express authority for a municipality to let a single contract for more than one single district. A strict construction of the statutes, to favor the property owners, and a literal application of those statutes as they address in the singular districts, contracts, and improvements, requires the conclusion that a municipality has no authority to let a single contract for the construction of more than one district sewer.
Title 11 O.S. 37-201.4 (1977) grants cities the authority to construct such improvements ". . . in accordance with the plans, specifications, rules and regulations . . ." of the agency providing the grant. The mere fact that the grant here involved contemplates one project and consequently requires one contract does not serve to authorize the city to combine projects for multiple sewer districts in one contract.
This conclusion is underscored by the provisions of the Improvement District Act, 11 O.S. 39-101 (1978). That act provides greater protection for property owners, by imposing more stringent notice and hearing requirements on the governing authority. The act, however, also greatly relaxes the technical procedures to be followed in the construction of local improvements, and facilitates compliance with requirements imposed by the federal government as a condition to accepting a federal grant.
As the remaining two questions relate to procedures to be employed if the single contract for multiple districts approach was legally permissible, and as the answer to that question was in the negative, it is unnecessary to reach those questions.
It is, therefore, the opinion of the Attorney General that amunicipality is without authority to bid and let a single contract forconstruction of district sewers in more than one sewer district wheresaid districts were established pursuant to 11 O.S. 37-201[11-37-201] etseq. (1977).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN GREGORY THOMAS, ASSISTANT ATTORNEY GENERAL