ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER ASKING FOR AN OFFICIAL OPINION REGARDING THE ABILITY OF A MUNICIPALITY TO MAINTAIN DRAINAGE SYSTEMS OUTSIDE THE CORPORATE LIMITS OF THE MUNICIPALITY. DUE TO THE INHERENT FACTUAL DEPENDENCY OF ANY ANSWER TO YOUR QUESTIONS, IT HAS BEEN DETERMINED THAT THIS OFFICE CANNOT ISSUE A FORMAL, BINDING OPINION ON THIS AREA. HOWEVER, THE FOLLOWING INFORMATION IS PROVIDED FOR YOUR USE AND FUTURE REFERENCE.
ARTICLE XVI, SECTION 3 OF THE OKLAHOMA CONSTITUTION GENERALLY EMPOWERS THE LEGISLATURE WITH THE AUTHORITY TO PROVIDE FOR DRAINAGE PROJECTS TO BENEFIT THE PEOPLE OF THE STATE. PRIOR TO 1972, THERE EXISTED A SET OF LAWS ON THE BOOKS ENTITLED THE "OKLAHOMA STATE DRAINAGE ACT. SEE 82 O.S. 281 — 82 O.S. 447. THIS SET OF LAWS AUTHORIZED THE CREATION OF LOCAL DRAINAGE DISTRICTS BY THE GOVERNING BOARDS OF COUNTY COMMISSIONERS IN THE STATE, WITH THE FUNDING OF THESE DISTRICTS TO COME PRIMARILY FROM ASSESSMENTS LEVIED AGAINST LOCAL LANDOWNERS IN THE DISTRICT'S AREA. 82 O.S. 282/82 O.S. 301 AND 83 O.S. 331 (1971). THE PURPOSE BEHIND THE ACT WAS TO PROVIDE FOR THE CONSTRUCTION OF DRAINS AND DITCHES TO BE USED IN CARRYING SURFACE OR FLOOD WATER OFF ANY LOTS OR LANDS, OR FOR THE PREVENTION OF THE INUNDATION OF LOTS OR LANDS BY FLOOD WATERS. BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY V. WXC CO., 473 P.2D 231 (OKLA. APP. 1970); ACCORD DE LOZIER V. COLLIER, 230 P.2D 240 (OKLA. 1924). HOWEVER, THAT SET OF LAWS WAS REPEALED BY THE TERMS OF SENATE BILL NO. 386 OF THE 1972 LEGISLATURE. SEE OKLA. SESS. LAWS 1972, CH. 133. THE ACT WAS FAIRLY NARROW IN ITS SCOPE AND, IN FACT, WAS SOMEWHAT REDUNDANT IN NATURE IN THAT THE SAME TYPE OF FACILITIES THAT COULD BE CONSTRUCTED UNDER ITS TERMS COULD ALSO BE CONSTRUCTED, ALONG WITH SEVERAL OTHER TYPES OF PROJECTS, BY USE OF THE LAWS PERMITTING THE CREATION OF CONSERVANCY DISTRICTS AND MASTER CONSERVANCY DISTRICTS. SEE 82 O.S. 531, ET SEQ.
AS TO THE MAINTENANCE AND FUTURE UPKEEP OF THE DRAINAGE DISTRICT PROJECTS, THE OLD LAWS PROVIDED THAT SUCH PROJECTS WERE TO BE GENERALLY INSPECTED BY A DRAINAGE COMMISSIONER APPOINTED BY THE LOCAL BOARD OF COUNTY COMMISSIONERS, AND WHO WAS AUTHORIZED TO REPRESENT THE DISTRICT IN ANY COURT ACTIONS. 82 O.S. 411 (1971). HOWEVER, HE DID NOT HAVE ANY DUTY TO SEE TO IT THAT THE DRAINAGE FACILITIES THAT HAD BEEN CONSTRUCTED WERE MAINTAINED IN A PROPER FASHION. RATHER, THE LAW CONTEMPLATED THAT EVERY PERSON THROUGH WHOSE LAND ANY DRAIN HAD BEEN CONSTRUCTED UNDER THE ACT'S TERMS WAS REQUIRED, AS A CONTINUING DUTY, TO KEEP THE DRAINAGE OPEN AND FREE ON HIS LAND. 82 O.S. 412 (1971). FAILURE BY A LANDOWNER TO DO SO COULD RESULT IN LIABILITY TO THE LANDOWNER. ID. THE LANDOWNER WAS PARTIALLY PROTECTED, IN THIS REGARD, BECAUSE 82 O.S. 413 (1971) PERMITTED LANDOWNERS WHO SAW A NEED FOR THE REPAIR OF DRAINAGE FACILITIES TO PETITION THE COUNTY COMMISSIONERS, AND IF THAT GROUP AGREED WITH THE NEED, THEY COULD IMPOSE THE COSTS OF THE REPAIRS ON THE ORIGINAL LAND BENEFITTED BY THE CONSTRUCTION OF THE DRAIN. IT IS ONLY WHERE FOR SOME REASON A LANDOWNER HAD REFUSED TO BRING THE APPROPRIATE REQUEST THAT THE LANDOWNER COULD BE HELD SOLELY RESPONSIBLE FOR THE COSTS OF REPAIR AND MAINTENANCE.
I HAVE NOT BEEN ABLE TO FIND ANY LAW MANDATING EITHER THE DISSOLUTION OF THESE OLDER DRAINAGE DISTRICTS OR THEIR REQUIRED TRANSFORMATION INTO CONSERVANCY DISTRICTS AS A RESULT OF THE REPEAL OF THE ACT. SIMILARLY, I HAVE BEEN UNABLE TO LOCATE ANY LAW WHICH PREVENTS THE ORGANIZATION OF A CONSERVANCY DISTRICT TO COVER AREAS OF LAND PREVIOUSLY COVERED BY A DRAINAGE DISTRICT. HOWEVER, THE TERMS OF 82 O.S. 663.1 AND 82 O.S. 663.2 (1981) ENVISION THAT IF SUCH DUPLICATIONS OF JURISDICTION OCCUR, THE DISTRICT COURTS HAVE THE POWER, UPON RECEIPT OF AN APPROPRIATE PETITION, TO ORDER THE UNION OF SUCH DISTRICTS.
THESE CONSERVANCY DISTRICTS AND MASTER CONSERVANCY DISTRICTS ARE STATUTORILY DECLARED TO BE NEITHER POLITICAL SUBDIVISIONS OF THE STATE, NOR POLITICAL CORPORATIONS. 82 O.S. 541 (1981). RATHER, THEY ARE SPECIAL INTEREST ENTITIES OF PURELY LOCAL CONCERN. THEY ARE DEEMED TO BE BODIES CORPORATE", AND HAVE THE POWER TO SUE AND BE SUED, TO ENTER INTO DEBT, TO ISSUE BONDS, AND A HOST OF OTHER AUTHORITY THAT IS GREATER IN BREADTH THAN THAT PREVIOUSLY PERMITTED DRAINAGE DISTRICTS. SEE 82 O.S. 545 (1981). MAINTENANCE OF IMPROVEMENTS CONSTRUCTED BY SUCH A DISTRICT ARE CONTEMPLATED AS BEING OVERSEEN BY THE DISTRICT BOARD OF DIRECTORS, WHO ARE AUTHORIZED TO ASSESS SPECIAL MAINTENANCE ASSESSMENTS AGAINST PROPERTY BENEFITTED BY THE DISTRICT. 82 O.S. 637 (1981). SUITS MAY BE BROUGHT BY AGGRIEVED PERSONS DIRECTLY AGAINST THESE DISTRICTS IN THE DISTRICT COURT WHICH ORIGINALLY FORMED THEM. 82 O.S. 664 (1981).
AT THE SAME TIME, MUNICIPALITIES IN THE STATE ALSO HAVE THE AUTHORITY TO PROVIDE FOR SPECIAL LOCAL MUNICIPAL DRAINAGE DISTRICTS IN THE FORM OF "IMPROVEMENT DISTRICTS, "AS OUTLINED GENERALLY IN 11 O.S. 39-101, ET. THOSE DISTRICTS ARE ENVISIONED AS GENERALLY ENCOMPASSING AREAS OF LAND WITHIN THE CORPORATE BOUNDARIES OF A CITY, BUT CAN INVOLVE LAND THAT IS NOT TECHNICALLY INSIDE THE MUNICIPAL BOUNDARIES, BUT, RATHER, IS MERELY CONTIGUOUS THERETO. 11 O.S. 39-106
IN BROAD, GENERAL TERMS, IN ALL OF THESE VARIOUS STATUTORY SCHEMES, THE ACTUAL FISCAL SUPPORT FOR THE ACTIVITIES OF THESE LOCAL DISTRICTS IS ENVISIONED AS COMING PRIMARILY FROM THE SPECIAL ASSESSMENTS THAT ARE MADE AGAINST THE LANDOWNERS WHO WILL BENEFIT FROM THE IMPROVEMENTS CREATED BY THE DISTRICT. SEE 11 O.S. 39-39-110/82 O.S. 601 AND 82 O.S. 637. IT IS NOT AT ALL IMPOSSIBLE, IN THIS REGARD, THAT THE JURISDICTIONAL BOUNDARIES OF THESE VARIOUS DISTRICTS CAN OVERLAP ONE ANOTHER.
IN ADDITION TO THESE KINDS OF SPECIAL LOCAL DISTRICTS, THE GOVERNING BODIES OF CITIES AND TOWNS CERTAINLY ALSO HAVE SOME GENERAL AUTHORITY TO PROVIDE FOR DRAINAGE SERVICES TO RESIDENTS OF THE AREAS. SEE 11 O.S. 37-101, ET SEQ.
YOUR VARIOUS QUESTIONS ASK WHETHER A CITY HAS A DUTY TO MAINTAIN A DRAINAGE SYSTEM THAT IS OUTSIDE THE MUNICIPAL LIMITS. I CANNOT ANSWER THAT QUESTION AS A MATTER OF LAW. DEPENDING UPON THE EXACT TYPE OF DRAINAGE AREA IN QUESTION, AND THE FACTUAL HISTORY BEHIND ITS CREATION AND OPERATION, THE ANSWER MIGHT BE YES OR NO. IN GENERAL, MUNICIPAL GOVERNMENTS ONLY HAVE THE AUTHORITY TO EXPEND MUNICIPAL FUNDS TO BENEFIT THE CITIZENS OF THE MUNICIPALITY, AND ARE FORBIDDEN TO MAKE GIFTS TO OTHER CORPORATIONS OF THE STATE. OKLA. CONST., ARTICLE X, SECTION 17. IF THE AREA YOU ARE REFERRING TO IS ONE WHERE THE CITY HAS OR HAS HAD ABSOLUTELY NO POLITICAL RESPONSIBILITY OVER, OTHER THAN PERHAPS A SINCERE CONCERN FOR THE WELFARE OF THE CITIZENS LIVING IN THAT AREA, I CANNOT SEE HOW THE CITY WOULD HAVE ANY DUTY TO MAINTAIN DRAINAGE AREAS NOT IN ITS AREA OF JURISDICTION. RATHER, THE MAINTENANCE OF THOSE AREAS WOULD APPEAR TO BE THE RESPONSIBILITY OF THE POLITICAL SUBDIVISION OR OTHER ENTITY CREATING THE DISTRICT TO BEGIN WITH, OR NOW IN CONTROL OF THE IMPROVEMENTS MADE. AND EVEN THAT DUTY MAY BE LIMITED IN MANY WAYS, DEPENDING UPON THE NEED FOR CONTINUING MAINTENANCE AND OPERATION THAT IS ACTUALLY PRESENT IN ANY GIVEN CASE, A SUBJECTIVE CALL THAT THIS OFFICE COULD NOT MAKE IN ANY EVENT.
IN THIS VEIN, HOWEVER, IT MIGHT BE POSSIBLE, GIVEN A PROPER SET OF BACKGROUND FACTS, FOR A CITY AND ANOTHER FORM OF GOVERNMENT TO PROVIDE A MEANS FOR SOME SHARED EXPENSES OF MAINTAINING DRAINAGE AREAS. THE INTERLOCAL COOPERATION AGREEMENT ACT, 74 O.S. 1001, ET SEQ., PERMITS PUBLIC BODIES IN THE STATE TO MUTUALLY CONTRACT WITH ONE ANOTHER TO MINIMIZE DUPLICATION OF EFFORTS AND TO MINIMIZE THE COST TO THE PUBLIC OF PROVIDING SERVICES TO IT. WHERE TWO OR MORE PUBLIC BODIES BOTH INDEPENDENTLY HAVE THE POWER TO PROVIDE THE SAME TYPE OF SERVICES TO MEMBERS OF THE PUBLIC, IN SOME CIRCUMSTANCES, THOSE PUBLIC BODIES MAY CONTRACTUALLY AGREE TO SHARE EXPENSES OR COSTS OF EQUIPMENT ASSOCIATED WITH PROVIDING THOSE SERVICES.
THE ACT IS NOT A PANACEA, AND AN INDIVIDUAL REVIEW OF ANY GIVEN PLAN WOULD HAVE TO BE MADE BEFORE ANY CONCRETE EVALUATION COULD BE MADE AS TO THE LEGITIMACY OF THE ARRANGEMENT. HOWEVER, IT IS A MECHANISM THAT WILL SOMETIMES PERMIT PUBLIC BODIES TO COOPERATE WITH ONE ANOTHER IN WAYS THAT ARE NOT ORDINARILY AVAILABLE TO THEM.
BEYOND THESE GENERAL INFORMATIONAL STATEMENTS, IT IS QUITE DIFFICULT TO PROVIDE YOU WITH ANY REALLY MORE CONCRETE COMMENTARY ABOUT THE RESPONSIBILITIES, OR CAPACITIES, THAT A MUNICIPALITY OR COUNTY MIGHT HAVE RELATIVE TO THE REPAIR AND UPKEEP OF DRAINAGE FACILITIES. IF YOU HAVE SOME SPECIFIC PROBLEM IN MIND, I WOULD BE MOST HAPPY TO DISCUSS THE MATTER WITH YOU OR SOMEONE OF YOUR CHOICE IN MORE DEPTH. PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER OR DESIRE A MORE DETAILED ANALYSIS OF SOME MORE PRECISELY FRAMED SITUATION.
(MICHAEL SCOTT FERN)